**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1208

MUSA NABIEU BANGURA,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A73-699-795)

Argued: October 26, 2004          Decided: December 8, 2004

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**ARGUED:** Randall Lee Johnson, JOHNSON & ASSOCIATES, Arlington,
Virginia, for Petitioner. Margaret Kuehne Taylor, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent. **ON BRIEF:** Robert D. McCallum,
Jr., Assistant Attorney General, Civil Division, Mary Jane Candaux,
Senior Litigation Counsel, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Musa Bangura, a native and citizen of the Republic of Sierra Leone, seeks review of a decision of the Board of Immigration Appeals ("Board") affirming without opinion the Immigration Judge's denial of his applications for asylum and withholding of removal.

We first reject Bangura's claim that he established eligibility for asylum and withholding of removal. In its decision, the Board found that Bangura had not established a well-founded fear of persecution based upon his political beliefs and opinions if he returned to Sierra Leone. To obtain reversal of this decision, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Bangura has not shown that the evidence compels a different result. Bangura thus cannot also meet the higher standard for withholding of removal. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987).

We also reject Bangura's claim that the Board's summary affirmance procedure violates his right to due process because the Board did not give detailed consideration of his claim. See 8 C.F.R. § 1003.1(a)(7)(2004). We have previously held that the summary affirmance procedure comports with due process and after reviewing the record, we find nothing in Bangura's case that

suggests his claim was not handled with the required consideration. See Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 281-83 (4th Cir. 2004).

Because we find that substantial evidence supports the Board's denials and Bangura's right to due process was not violated by the summary affirmance procedure, the petition for review is

PETITION DENIED.